IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ANTHONY L. FRANKLIN                                                                                              PLAINTIFF

v.                                       Civil No. 1:20-cv-1027

MIKE LOE, Sheriff Columbia County; and
SERGEANT SONJA COLLIER, Jail Administrator,
Columbia County Detention Center                                                                       DEFENDANTS

## ORDER

This is a civil rights action filed by Plaintiff Anthony L. Franklin pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). The Court must screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A.

### I. BACKGROUND

Plaintiff filed his Complaint on June 16, 2020. (ECF No. 1). That same day, the Court granted Plaintiff's motion to proceed *in forma pauperis*. Plaintiff contends that Defendants have violated his constitutional rights during his current incarceration in the Columbia County Detention Center ("CCDC"). Plaintiff proceeds against Defendants in both their individual and official capacities. (ECF No. 6, p. 7).

Plaintiff asserts that Defendants are violating an unspecified state law by failing to have a nurse present in the CCDC at all time and by allowing jailers to pass out medication to inmates. Plaintiff also asserts that Defendants are violating another unspecified state law by failing to have an up-to-date law library available for inmates to access.

## II.  APPLICABLE LAW

Under the PLRA, the Court must screen this case prior to the issuance of service of process.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  DISCUSSION

As stated above, Plaintiff alleges that Defendants are violating his constitutional rights in three ways:  (1) by allowing jailers to pass out medication to inmates; (2) by failing to have a nurse on duty at all times; and (3) by failing to have a law library or updated law books.  The Court will address these claims in turn.  Then the Court will generally address Plaintiff's official capacity claims.

### A.  Non-Medical Jail Personnel Distributing Medication

Plaintiff alleges that Defendants violated his constitutional rights by allowing jailers to pass out medication to the inmates at the CCDC.  This claim is frivolous and fails to state a claim.

The law is clear that there is no constitutional requirement that medication be disbursed only by trained medical personnel. *See Griggs v. Livermore*, Civil No. 5:13-cv-5133-TLB, 2014 WL 979197, at *3 (W.D. Ark. March 13, 2014) ("There is no constitutional requirement that medication be disbursed only by trained medical personnel."); *Booker v. Herman*, Civil No. 06-178, 2006 WL 2457230, at *5 (N.D. Ind. Aug. 22, 2006) ("While it might be a good practice, tradition, or even state law to require that only medical staff can deliver medication, the Constitution does not prohibit guards from distributing medication to inmates. This allegation states no claim upon which relief can be granted."). Thus, Defendants have not violated Plaintiff's constitutional rights by allowing jailers to give him medication instead of medical personnel. Moreover, assuming *arguendo* that this practice violates Arkansas law as Plaintiff alleges, that is also insufficient to state a claim because "a violation of state law, without more, does not state a claim under the federal Constitution or 42 U.S.C. § 1983." *Bagley v. Rogerson*, 5 F.3d 325, 328 (8th Cir. 1993). Accordingly, Plaintiff's claims against Defendants for allowing jailers to distribute medication must be dismissed for failure to state a claim.

**B. Failure to Have a Nurse on Duty at the CCDC**

Plaintiff also claims that Defendants violated his constitutional rights because the CCDC does not have a nurse on duty "during medicine call nor around the clock." The Court construes this claim as one for deliberate indifference.

The Eighth Amendment's prohibition against cruel and unusual punishment prohibits deliberate indifference to the serious medical needs of prisoners. *Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012). The Eighth Amendment deliberate indifference standard applies to all denial of medical care claims including those by a pretrial detainee. *Carpenter v. Gage*, 686 F.3d 644, 650 (8th Cir. 2012). The deliberate indifference standard includes "both an objective and a

subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)).

Plaintiff has not described what, if any, serious medical conditions he has. For this reason alone, Plaintiff's claim must be dismissed. *Id.* However, even if the Court assumes *arguendo* that Plaintiff does suffer from serious medical needs, Plaintiff has not alleged that he suffered any actual physical injury because a nurse was not present at the CCDC around the clock. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (holding that a prisoner must suffer an actual injury to state an Eighth Amendment claim). Moreover, assuming *arguendo* that the frequency of a nurse's presence in the CCDC violates Arkansas law as Plaintiff alleges, that violation, without more, does not state a claim under section 1983. *Bagley*, 5 F.3d at 328. Accordingly, Plaintiff's claim based on the failure of the CCDC to have a nurse on duty around the clock must be dismissed for failure to state a claim.

### C. Lack of a Law Library

Finally, Plaintiff alleges Defendants violated his constitutional rights because the CCDC does not have a law library or up-to-date law books for inmates to study for their cases.

The Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith,* 430 U.S. 817, 828 (1977). Nevertheless, *Bounds* "did not

create an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey,* 518 U.S. 343, 351 (1996). Instead, prison officials must provide inmates with "meaningful access to the courts," *Bounds*, 430 U.S. at 824, and providing a law library is merely one way to comply with this obligation. *See Bear v. Fayram*, 650 F.3d 1120, 1123 (8th Cir. 2011) (stating that the constitutional requirement of access to the courts may be satisfied in a number of ways including, prison libraries, jailhouse lawyers, private lawyers on contract with the prison, or some combination of these and other methods).

An inmate cannot prevail on an access-to-courts claim unless he can demonstrate he suffered prejudice or actual injury because of the prison officials' conduct. *See Lewis*, 518 U.S. at 351-52; *see also Farver v. Vilches*, 155 F.3d 978, 979-80 (8th Cir. 1998) (per curiam); *Klinger v. Dep't of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997) (stating that, to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if the denial of access to a library is complete and systematic); *McMaster v. Pung*, 984 F.2d 948, 953 (8th Cir. 1993). "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim.'" *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (citations omitted).

Plaintiff has not alleged that lack of access to a law library caused him to suffer an actual injury or prejudice regarding his ability to litigate any case or claim. Thus, he has failed to plead that the allegedly inadequate law library deprived him of access to the courts. *See Lewis*, 518 U.S. at 351-52. Moreover, assuming *arguendo* that the CCDC's law library violates Arkansas law as Plaintiff alleges, that violation, without more, does not state a claim under section 1983. *Bagley*,

5

5 F.3d at 328. Accordingly, Plaintiff has failed to state a cognizable claim of denial of access to the courts, and that claim must be dismissed.

### D. Official Capacity Claims

The Court will now address Plaintiff's official capacity claims.

Under section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or both. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Thus, Plaintiff's official capacity claims against Defendants are treated as claims against their employing governmental entity, Columbia County. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Columbia County's liability under section 1983, "[P]laintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). To establish the existence of an unconstitutional policy, Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whiteledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). "A governmental custom involves a pattern of persistent and widespread . . . practices which become so permanent and well settled as to have the effect and force of law." *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 674 (8th Cir. 2007) (cleaned up).

Plaintiff does not allege that Columbia County has a policy of not having a nurse available around the clock at the CCDC and instead having guards distribute medication. Nor does Plaintiff allege that Columbia County has a policy of having an inadequate law library. Plaintiff also does not allege sufficient facts to establish that Columbia County has a custom of those practices. *See Johnson v. Douglas Cnty. Medical Dept.*, 725 F.3d 825, 829 (8th Cir. 2013) (stating that "multiple incidents . . . could establish a custom if . . . the incidents occurred over a course of time sufficiently long to permit notice of, and then deliberate indifference to or tacit authorization of, the conduct by policymaking officials"). Thus, Plaintiff has not stated a cognizable official capacity claim.[1] His official capacity claims must be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, all of Plaintiff's claims in this case are hereby **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

This dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g). The Clerk of Court is **DIRECTED** to place a § 1915 strike flag on the case.

**IT IS SO ORDERED** this 29th day of June, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] In addition, Plaintiff's individual capacity claims are being dismissed for failure to state a claim. The Eighth Circuit "has consistently recognized a general rule that, in order for [official capacity] liability to attach, individual liability first must be found on an underlying substantive claim." *Brockinton*, 503 F.3d at 674. Where, like in this case, no defendant can be found individually liable on an underlying substantive claim, the employing governmental entity cannot be held liable under section 1983. *Id.*